**In re CASTLE PINES NORTH METROPOLITAN DISTRICT, Debtor.**

**Bankruptcy No. 90–17548 RJB.**

United States Bankruptcy Court, D. Colorado.

July 2, 1991.

Charles E. Norton and Gary R. White, Ankele, Icenogle, Norton & White, P.C., Denver, Colo., for the Dist.

Virginia Anne Housum, Fairfield and Woods, P.C., Denver, Colo., for Central Bank Denver, N.A., Bond Indenture Trustee.

Paul D. Rubner, Rubner & Kutner, P.C., Denver, Colo., for Official Creditors' Committee.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Motion for Order Authorizing Payment of Counsel for Creditors' Committee by Debtor or by Trustee filed May 13, 1991, by Central Bank Denver, N.A., as Bond Indenture Trustee and the Objection thereto by the Debtor District.

On April 30, 1991, the Creditors' Committee filed an Application to Employ Attorneys and the Court granted that Motion on May 3, 1991. Then the Indenture Trustee filed the instant Motion seeking to either have the District pay the attorney fees of counsel for the Creditors' Committee or, in the alternative, the Indenture Trustee will advance payments to counsel and then seek reimbursement from the District as an administrative expense under 11 U.S.C. § 943(b)(5). In its brief and in argument, the Indenture Trustee has apparently abandoned the notion of having the Debtor pay counsel fees directly and currently because of the provisions of § 904(2).

11 U.S.C. § 904(2) provides as follows:

Notwithstanding any power of the court, unless the debtor consents or the plan so provides, the court may not by any stay, order, or decree, in the case or otherwise, interfere with— ... (2) any of the property or revenues of the debtor; ...

It is fairly obvious that if the Court ordered the District to make interim payments to counsel for the Creditors' Committee it would be interfering with the revenues of the District, at least insofar as it could or would affect its cash flow. Thus we are left with the sole issue of whether

the District must ultimately pay these attorney's fees.

11 U.S.C. § 943 contains the mandate that the court shall confirm a Chapter 9 plan *IF*:

(5) ... the plan provides that on the effective date of the plan each holder of a claim *of a kind* specified in section 507(a)(1) of this title will receive on account of such claim cash equal to the allowed amount of such claim; ... [emphasis added]. 11 U.S.C. § 943(a)(5).

11 U.S.C. § 507(a)(1) does not define what the administrative expenses are, but merely specifies the priority of payment as certain expenses. Section 507(a)(1) expenses are given the first priority and then we are referred to § 503(b) for a definition of what constitutes an administrative expense.

11 U.S.C. § 503(b)(2) provides:

After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including— ... (2) compensation and reimbursement awarded under section 330(a) of this title; ...

11 U.S.C. § 330(a) provides:

(a) after notice to any parties in interest and to the United State trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, ...; and (2) reimbursement for actual, necessary expenses.

11 U.S.C. §§ 1102 and 1103 are specifically made applicable in Chapter 9 cases by § 901(a) and the Creditors' Committee was appointed herein under § 1102 and its counsel was approved under § 1103(a).

■ The District argues that because § 330 is not specifically included as a section of the Bankruptcy Code made applicable to Chapter 9 by § 901(a) that it is,

therefor, excluded. However, § 901(b) provides as follows:

(b) A term used in a section of this title made applicable in a case under this chapter by subsection (a) of this section or section 103(e) of this title has the meaning defined for such term for the purpose of such applicable section, unless such term is otherwise defined in section 902 of this title.

Congress, by specifically referring to § 507(a)(1) in § 943(a)(5), has necessarily included § 503(b), which, in turn, includes § 330(a). The symmetry is complete by the specific inclusion of §§ 1102, 1103 and 503 in § 901(a). Thus, by reason of § 901(b) the District's argument fails.

Part of the District's argument is also that "The general rule is that only the provisions of chapters 1 and 9 apply in a Chapter 9 case. Section 901 is the exception, and specifies other provisions that do apply." *See* H.R. No. 95–595, p. 394 (1977), U.S.Code Cong. & Admin.News.1978, pp. 5787, 6349, *"Bankruptcy Law Revision, Report of the Committee on the Judiciary."* That argument and quote from the legislative history completely ignores § 901(b) and the plain language of § 103(e). 11 U.S.C. § 103(e) states as follows:

Except as provided in section 901 of this title, only *CHAPTERS* 1 and 9 of this title apply in a case under such chapter 9. [Emphasis added].

Congress understood the hierarchy it created. First it stated in § 103(e) that entire *chapters* (1 and 9) would be included in a Chapter 9 case. Then in § 901(a) it provided that entire *sections*, which are parts of chapters 3, 5 and 11, would apply in Chapter 9 cases. Finally, in § 901(b), Congress declared that if a term used in a *section* applicable in Chapter 9 cases of this *title* (i.e. the entire Bankruptcy Code) the court should apply the usual meaning of that term. Thus, by using a specific reference in § 943(a)(5) to § 507(a)(1), the court must apply all usual meanings attributable to § 507(a)(1).

■ The District also argues that § 503(b)(3)(D) contemplates reimbursement of attorney's fees only to those serving a

committee *other than an official committee.* That interpretation of § 503(b)(3)(D) is erroneous and the argument is a red herring. That section does nothing more than provide that "a creditor, ... or a committee representing creditors ... other than a committee appointed under section 1102 ..." may be allowed an administrative expense claim if such entity made a substantial contribution in a case under chapter 9 or 11. That section is completely silent as to administrative expense claims of an *official committee* appointed under § 1102. The authority to allow an administrative expense to an official committee is found in §§ 330(a), 503(b)(2) and 507(a)(1).

■ Finally, the District asserts that § 904(2), *supra,* prohibits the Court from forcing the District to pay the attorney's fee for the Creditors' Committee. The analysis, *supra* does not force the District to do anything. It does not order the District to pay Creditors' Committee's attorney fees. As stated earlier, this probably would violate § 904(2). What the Indenture Trustee and counsel for the Committee assert is that if the District wants to have a plan confirmed under § 943 it must pay all administrative claims, which include fees for the Creditor's Committee counsel. As stated in oral argument, the District voluntarily sought the jurisdiction of this court, and for good reason. The District can obtain here something ·that it cannot obtain elsewhere, i.e. the ability to impair contracts. But, if the District wants to invoke that power, it must pay the price of admission, and that price, at least in part, is to pay the reasonable fees for the Official Creditor's Committee counsel. If it does not wish to pay these administrative costs it can dismiss the case at any time.

Can counsel for the Committee charge unreasonable fees? Of course not! Congress provided that the court would oversee such fees in § 943(b)(3) which provides that:

> (3) all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable.

Thus, if the District thinks that counsel fees are unreasonable, it can challenge such fees and have the court make a determination.

Based on the foregoing analysis, it is

ORDERED that the Indenture Trustee may advance fees and costs of counsel for the Official Creditors' Committee and may ·thereafter submit a claim under §§ 330, 503, and 507 for reimbursement, which claim shall be allowed in a reasonable amount.